## MICHAEL REESE v. ABEL STEARNS.

TREASURY NOTES EQUAL TO GOLD COIN IN LAW.—In contemplation of law, a dollar in United States treasury notes made a legal tender in payment of debts, is equal to and therefore the equivalent of a dollar in gold coin.

CONTRACT TO PAY GOLD OR ITS EQUIVALENT IN NOTES.—A contract to pay money in gold coin of the United States, or the equivalent of such gold coin if paid in legal currency, is a contract to pay the given number of dollars in any kind of lawful money of the United States, and cannot be enforced in any specific kind of money.

IDEM.—The Specific Contract Act does not authorize the entry of an alternative judgment upon such contract, payable in gold coin, or its equivalent in legal tender notes.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*V. E. Howard*, and *C. V. Howard*, for Appellant.

The judgment is erroneous in decreeing gold coin, or its equivalent "in other legal currency," without fixing the amount of the equivalent; the only other legal currency, at the time of the maturity of the mortgage being United States legal tender notes. It is as uncertain as a judgment would be for so much gold coin, or its equivalent in wheat. If the Sheriff proceeds to sell, as he may do under the judgment for legal tender notes, the amount is not ascertained, and the same difficulty arises if the mortgagee comes to redeem. It delegates the judicial function to the Sheriff to fix the amount of the judgment in currency, which the law forbids.

*Edward J. Pringle*, for Respondent, argued that the judgment was within the suggestion of *Lane* v. *Gluckauf*, 28 Cal. 288, and that the amount of currency as an equivalent of gold could be fixed at the time of sale.

By the Court, SAWYER, J.

The note and mortgage in question did not specify the "kind of money or currency" in which payment should be made. On the 12th of November, 1862, a contract in writing under seal, extending the time of payment, was made, by which the defendant Stearns, in consideration of one dollar and such extension, agrees "that all payments of principal and interest * * * shall be made in gold coin of the United States of America, of the present standard of weight and fineness, or the equivalent of such gold coin if paid in legal currency." The judgment directs the mortgaged property to be sold "for United States gold coin, or its equivalent at the time of sale, or previous payment or redemption in satisfaction," etc. It is claimed that this portion of the judgment is erroneous; that it leaves the amount uncertain, and devolves upon the Sheriff the power to determine the equivalent of gold at some future time; that if it was competent for the

Court to render judgment payable in gold coin or its equivalent in currency, it was the duty of the Court to determine and adjudge what amount in legal currency is the equivalent in gold coin. This contract was not made with reference to the provisions of the Specific Contract Act, for that Act was not then in existence. Nor does it come within the provisions of that Act; for a contract cannot be said to be "payable in a specific kind of money or currency," when it provides for payment in the alternative, in a specific kind of money, or in something else. In this respect there is a marked difference between the instrument in suit, and that in *Lane* v. *Gluckauf,* 28 Cal. 288. In that case there was a direct and express promise to pay in gold coin, without any alternative. It is true, there was a further and independent promise to pay an additional sum if the party should not pay in gold coin, but, in our view, this did not vitiate or modify the previous unqualified promise to pay in coin. We regarded the instrument as containing an absolute promise to pay in coin, and not a promise in the alternative. The instrument in *Lamping* v. *Hyatt,* 27 Cal. 99, contained no promise to pay in coin, but there was a promise if not paid in coin, to pay "such further sum as may be equal to the difference in value, in the San Francisco market, between such gold coin and the paper currency of the United States, that is now, or may hereafter be made legal tender by the laws of the United States or of this State." We held that the instrument did not authorize a judgment for coin, but we did not determine whether the Court could give effect to the clause quoted. The terms of the instruments in the two cases cited are much more specific than in the one under consideration. They furnished, at least, a conventional standard by which—conceding the Court to be competent to enforce the agreement in this respect—the additional damages agreed to be paid, on failure to pay in coin, might be measured. In the instrument now under consideration no such conventional standard is adopted. The language is, "or the equivalent of such gold coin, if paid in legal currency;" which is doubtless the same in legal effect as it would

be if the language were, " or the equivalent of such gold coin if paid in money," or "other lawful money." The currency referred to must be the legal tender notes of the United States or silver coin, for we know of no other "legal currency" to which reference could have been made. In contemplation of law, a dollar in legal tender notes is equal to, and therefore the equivalent of, a dollar in gold coin. In comparing the two kinds of money the law knows no difference in value between them. It recognizes no other standard of equivalents. And, when parties speak in their contracts of an amount of one kind of money being the equivalent of another kind, without referring to any conventional or other known standard by which the equivalents are to be adjusted, we cannot assume that any standard other than the legal one is intended. If otherwise, where are we to look for the standard by which we are to be guided in the comparison? Where are we to find the yardstick by which to measure the comparative values of the two different kinds of currency, which the law says are equal, but which in the commercial world are not equal, and the relative values of which are not the same in any two cities in the country? Shall we seek it in Wall street, Montgomery street, Salt Lake, or Los Angeles? If under any of these peculiar contracts the Courts can enter into a comparison of values between a dollar in gold and a dollar in treasury notes, which in contemplation of law are equal, it must be because it is expressly so agreed, and there should, at least, be some conventional standard of comparison adopted in the agreement. Where none is adopted the standard of equivalents must be that which the law establishes. Tried by this standard, any given number of dollars in legal tender notes is equivalent to the same number of dollars in coin. And we may here remark that there is no recognition of a difference in value between different kinds of money in the Specific Contract Act. It merely authorizes a judgment for the specific kind of money or currency called for by the contract, without any reference to its relative value. With respect to the value

of gold and silver, and treasury notes, it leaves the matter precisely where the Acts of Congress leave it.

Under this view it is, perhaps, not a matter of any practical consequence that the sale is ordered to be made for gold coin or its equivalent. The contract, however, is not made paya-ble in any specific kind of money, but is in the alternative, and the judgment should have simply found so much money due and directed a sale of the premises for the payment of the same, without specifying the kind of money in which payment should be made.

Ordered that the judgment be modified by striking out all those portions of the judgment which require the sale of the property to be made for, or payment to be made in gold coin, or in gold coin or its equivalent.

SANDERSON, C. J., concurring specially.

Had the contract in this case been to pay a certain sum in coin, or a certain other sum in legal tender paper, or had the contract been in terms like that declared on in *Lane* v. *Gluck-auf*, I can see no reason why it would not have come within the Specific Contract Act, so called, and might not have been enforced by an alternative judgment and execution as suggested by me in that case. But I agree that the language of the contract does not have that effect, and the result must be the same as if the contract was entirely silent upon the subject of " coin " and " legal currency," for the reasons stated by Mr. Justice Sawyer, and upon that ground only I concur in the judgment.

CURREY, J., concurring specially.

The defendant's contract was, in effect, to pay the debt due the plaintiff in gold coin of the United States, or its equivalent in legal currency, or United States notes issued under the laws of Congress; which notes were, by those laws, declared lawful money and a legal tender in the payment of certain private

debts. This Court has held in several cases that these notes are lawful money and a legal tender in the payment of private debts. It being so judicially determined, it results as a logical necessity that, in judgment of law, a given number of dollars of one kind of lawful money of the United States of America is the equivalent of the same number of dollars of another kind of lawful money of the same United States. So that when one promises in the alternative to pay another a specified number of dollars of one kind of lawful money or its equivalent of another kind of lawful money, his promise is to pay the sum specified in any kind of lawful money of the United States. I therefore agree with my brethren that the judgment of the District Court should be modified in the particular stated.

Mr. Justice Rhodes expressed no opinion.