HANSON, Respondent, v. SMITH et al., Appellants.

No. 781; February 5, 1866.

**Judgment by Default in Excess of Relief Prayed.**—A judgment given the plaintiff must not be for anything more than what the complaint and summons inform the defendant will be asked of the court.

APPEAL from Twelfth Judicial District, San Mateo County.

The suit was for the foreclosure of a mortgage given to secure the payment of a note expressed as follows:

"Redwood City, Nov. 15, 1863.

"Twelve months after date, without grace, I promise to pay to Charles Hanson or order the sum of eighteen hundred dollars, payable in United States gold coin, or its equivalent in United States currency, for value received, with interest thereon at the rate of two per cent per month from date until paid. Interest payable monthly; and if not so paid to be added to the principal and bear interest in like manner.

(Signed)   "W. C. R. SMITH."

In the complaint the only relief demanded was judgment against the defendant "for the sum of eighteen hundred dollars, with interest at the rate of two per cent a month compounded from the 16th of November, 1863, and that a decree in due form may be made for the sale of said premises in said mortgage mentioned." The summons required the defendant "to appear and answer the complaint filed; if the defendant fails to appear and answer the said complaint as above required the plaintiff will take default and apply to the court for the relief demanded in the complaint."

H. A. Schofield for respondent; J. D. Creigh for appellants.

SHAFTER, J.—The plaintiff was not entitled to a judgment payable in gold coin. The contract was in every material particular like that sought to be enforced in Reese v. Stearnes, 29 Cal. 273, decided at the October term, 1865.

Judgment was taken against the defendants by default, entered by the direction of the plaintiff's attorney. The

counsel fees, the amount paid for taxes, together with the interest thereon, were improperly included in the judgment as being in excess of the relief prayed for in the complaint: Lattimer v. Ryan, 20 Cal. 628; Gautier v. English, Oct. Term, 1865.

The court below is directed to modify the judgment so as to conform it to the views expressed in this opinion. Further ordered that appellant recover his costs of appeal.

We concur: Sawyer, J.; Sanderson, J.; Rhodes, J.; Currey, C. J.