## J. H. POETT *v.* ABEL STEARNS, P. DOMEC, AND J. M. HELLMAN.

ENFORCEMENT OF MORTGAGE FOR GOLD COIN.—If, to a note secured by a mortgage duly recorded, payable in money generally, a supplement is afterwards added agreeing to pay in gold coin, which supplement is not recorded, the mortgage can be enforced by a sale for gold coin as against subsequent encumbrancers whose lien attached after the addition to the note.

CHANGE OF NOTE SECURED BY MORTGAGE.— If a note secured by mortgage is afterwards so far changed as to lose its identity, the mortgage cannot be enforced as against subsequent encumbrancers.

VALUE OF GOLD COIN AND LEGAL TENDER NOTES.—As a matter of law there is no possible difference in value between gold coin and legal tender notes, nor can evidence be received to prove a difference.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The mortgage contained a sufficient description of the note to show that it was payable in money generally, and not in gold coin. The Court below directed the mortgage to be enforced by a sale of the mortgaged premises for money generally. The plaintiff appealed from that part of the judgment directing the premises to be sold for money generally, claiming that the judgment should have directed the mortgaged property to be sold for gold coin.

The other facts are stated in the opinion of the Court.

*M. & R. F. Morrison*, for Appellant.

*Volney E. Howard*, for Respondents.


By the Court, SHAFTER, J.:

On the 14th of April, 1861, the defendant Stearns executed his promissory note to the plaintiff for the sum of fifteen thousand dollars, payable in money generally. Stearns, on the 2d of July, 1861, executed a mortgage to the plaintiff to secure the note, which mortgage was duly recorded on the same day in the Recorder's office of Los Angeles County, where the lands are situate. Near the end of the year 1862, or at the beginning of 1863, Stearns executed and delivered to the plaintiff the following supplement or addendum to the note as originally drawn :

" I agree to pay the above written sum of fifteen thousand dollars in gold coin of the United States.

" ABEL STEARNS."

This supplement was never recorded. The defendants, Domec and Hellman, are subsequent encumbrancers, by judgment, whose liens attached after the addition to the note of the aforesaid clause. The question presented is whether the plaintiff is entitled to a decree, as against these subsequent encumbrancers, that the mortgaged premises shall be sold for gold coin.

The case was not argued at the bar, and no brief has been filed on behalf of the respondents. We can conjecture no ground upon which the plaintiff's right to a gold judgment can be resisted, except it be that the note as originally executed was so far changed by the memorandum subsequently made as to lose its identity. But if the note is no longer the note described in and secured by the mortgage, then a larger consequence might follow than that which the respondents claimed in their exceptions, viz.: that the plaintiff would not be entitled to a decree of foreclosure in any form.

The point was made on the supposal, probably, that the stipulation superadded to the note was disadvantageous to the subsequent purchasers, on the ground of an assumed difference between the market value of gold and that of legal tender notes, whereby the prior encumbrance was made more onerous than appeared of record. If we could recognize the difference assumed, under any circumstances, it is very clear that we could not notice it judicially, and it is not found here as a fact by the referee. But the difference in question is an impossible difference in matter of law. It was ruled in *Carpentier* v. *Atherton*, 25 Cal. 564, that "a Court cannot say judicially that one kind of money made a legal tender is of greater or less value than another; nor can evidence be received to prove a difference." This view is distinctly re-asserted in *Spencer et al.* v. *Prindle*, 28 Cal. 276, *Reese* v. *Stearns*, 29 Cal. 273, and *Tarpy* v. *Shepherd*, 30 Cal. 180.

The case is as it would have been had the note been made payable, in terms, in gold or silver coin, or in legal tender notes, at the election of the maker, his election to be manifested at the time and in the act of payment, or in writing at any time prior thereto. A mortgage, collateral to a note so drawn, would have been notice, when recorded, to all the world that the lien might come to stand in the end as security for the payment of the note in either one of the three kinds of lawful money, to the exclusion of the other two. Nor would it be essential to the validity of the election or waiver when made in advance of the maturity of the note, that it should be made upon any consideration distinct from that upon which the note was based in the first instance. (*Plowman & Mc-Lane* v. *Riddle*, 7 Ala. 775; *Stewart* v. *Donnelly*, 4 Serg. 177; *Gilman* v. *Moore*, 14 Vt. 457.)

The judgment is reversed, and the District Court is directed to enter a decree directing the mortgaged premises to be sold for gold coin, in accordance with the views expressed in this opinion.

SAWYER, J., dissenting :

I dissent.

Mr. Justice SAWYER delivered the following opinion on petition for rehearing :

On petition for rehearing.

This action was brought to foreclose a mortgage given to secure payment of a promissory note executed by defendant, Stearns. The note, as originally given, was not by its terms payable in any specific kind of money, but was only payable in money generally. It was, therefore, not embraced in the provisions of the Specific Contract Act. The mortgage was, in express terms, upon the condition that Stearns should pay the said note " according to the tenor and effect thereof." According to the tenor and effect thereof, it could be paid in any kind of money which the law made a legal tender, and the party was not entitled, upon the contract, to a judgment payable in gold coin. The defendants Domec and Hellman are subsequent encumbrancers. After the execution and record of the mortgage Stearns added a clause to his note, making it payable in gold coin, thereby giving to the payee an additional right to receive a specific kind of money, and an additional and different remedy. No corresponding change was made in the mortgage. The mortgage was conditioned for payment of the note " according to the tenor and effect thereof," as it originally stood, and not as amended. I think the mortgage can only be enforced according to its own terms, and so far as the subsequent encumbrances are concerned, that there can be no judgment for satisfaction out of the mortgaged premises in gold coin. I do not think the question whether a dollar in coin is worth more than a dollar in legal tender notes arises. A new right and a new remedy, which the law recognizes, is given by the new term introduced into the note—a right and remedy not embraced in the terms of the

11

mortgage; and it is a matter of no consequence whether or not the money in which the new note is payable is more valuable than that in which the old might be paid. The new right rests upon contract, and is one that the law respects and enforces, and in that view, at least, it is valuable. I do not concur in the judgment upon the former hearing, and I think a rehearing should be granted.