## MATHEW TARPY *v.* J. M. SHEPHERD.

EVIDENCE OF VALUE OF PROPERTY IN GREENBACKS.—In an action to recover possession of personal property, the plaintiff may recover its value in United States legal tender notes.

VALUE OF PROPERTY IN LEGAL TENDER NOTES.—One unlawfully converting property does not sustain any injury if the jury, in an action to recover possession of the same, find its value in United States legal tender notes.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

Plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Peckham & Payne*, for Appellant, argued that if the billiard table was worth five hundred dollars in gold, it was worth no more as matter of law in legal tender notes, and that the admission of testimony that the billiard table was worth more by one standard than another violated the rule that all standards were equal, and cited *Carpentier* v. *Atherton*, 25 Cal. 564.

*Julius Lee*, for Respondent, argued that as the judgment

could only be enforced in legal tender notes, the plaintiff was entitled to be made whole by recovering such sum as would enable him to buy similar property, and cited *Spencer et al.* v. *Prindle*, 28 Cal. 276.

By the Court, SHAFTER, J. :

Replevin for a billiard table. The plaintiff having introduced evidence, without objection, to the effect that the table was worth five hundred dollars in gold coin, proposed and offered to prove its value in legal tender notes. The defendant objected to the testimony on the ground that it was incompetent and inadmissible for the plaintiff to prove the value in legal tenders after proof of the value in gold coin. The objection was overruled, and the witness testified that the table was worth twelve or thirteen hundred dollars in greenbacks.

Conceding the testimony to have been improperly admitted, it is obvious that no substantial right of the defendants was prejudiced thereby. The defendants were bound to pay the plaintiff the value of the property converted in lawful money of the United States. They are not required by the judgment to pay anything more than that, nor to do anything different. The gold and greenback values of the table were the same by legal conclusion, and so long as the amount recovered does not exceed but falls short of the value in legal tenders as testified to by the witnesses, we cannot perceive that any injustice has been done. How can it be said that a judgment for nine hundred and fifty dollars, payable in currency, is unjust, when it is sustained by uncontradicted evidence that the injury sustained by the plaintiff exceeded that sum by at least two hundred and fifty dollars. The case is within the principle of *Spencer et al.* v. *Prindle*, 28 Cal. 276.

Judgment affirmed.

Mr. Chief Justice CURREY expressed no opinion.