## HORACE W. CARPENTIER *v.* DANIEL SMALL, GEORGE W. MEACHAM, DAVID MEACHAM, JOHN FINE, WILLIAM SOUTHARD, JESSE H. WILLIAMS, AND WILLIAM DOUGHERTY, *et als.*

FINDINGS OF FACT.—If the finding of a fact on a material point is contrary to a stipulation of the parties made in the course of the trial *as a substitute for evidence*, a new trial will be granted, on the ground that the finding is contrary to the fact as stipulated, and, therefore, unsupported by the evidence.

JUDGMENT IN EJECTMENT.—Where the intestate was a tenant in common with the plaintiff in ejectment in the demanded premises, and the defendant entered upon the premises with the permission of the administrator of the estate of the deceased co-tenant, the entry of the defendant is not tortious, and the plaintiff is not entitled to a judgment for possession of all the land, but only for his undivided interest.

IMPROVEMENTS SET OFF AGAINST DAMAGES.—The right of a defendant in ejectment to set off the value of improvements made by him against the claim of the plaintiff for damages, depends upon whether they were made by him or his grantors holding under color of title adverse to plaintiff, in good faith, and upon whether they are permanent or not.

ANSWER IN EJECTMENT.—An answer in ejectment which seeks to set off the value of improvements against damages, should aver that they were made while holding under color of title adverse to plaintiff, in good faith, and that they are permanent.

FINDINGS OF FACT.—If the findings of fact are defective on any material point, and

Points decided.

are not excepted to, it will be presumed that the Court found on those points against the losing party.

PURCHASE BY DEFENDANT IN EJECTMENT.—If a defendant in ejectment, who is in possession without claim or color of title, buys a fractional interest in the demanded premises, *pendente lite*, this purchase thenceforth presumptively divests his possession of its hostile character.

JUDGMENT FOR DAMAGES IN CURRENCY VALUE.—In ejectment, if the Court finds the value of the use and occupation of the premises in both gold and currency, a general judgment may be rendered for the currency value.

NEW TRIAL WHERE THERE HAS BEEN NO SERVICE.—If a defendant, against whom a judgment by default has been rendered, moves, on affidavits, for a new trial, because the Court has acquired no jurisdiction over his person, and the Court finds that there has been no service on him, and grants a new trial, plaintiff, on his appeal from the order, cannot complain of the order because it grants the defendant relief less advantageous to him than that to which he was entitled.

FINDING OF FACT CONTRARY TO EVIDENCE.—If the Court, in ejectment, finds that the defendant has no right or title to the premises or to the possession thereof, and plaintiff is a tenant in common in the premises with the estate of a deceased co-tenant, and the parties stipulated during the trial, as a substitute for evidence on this point, that the defendant entered under a deed from the administrator of the deceased co-tenant, and by his permission, the finding is contrary to the evidence.

POSSESSION UNDER SAID DEED.—One in possession of land under a deed from an administrator, which purports to convey the title to the intestate, and the possession is also with the consent of the administrator, can retain possession as against strangers not claiming under the administrator or the intestate, even if the deed is void.

NEW TRIAL.—If there is no demurrer to the answer setting up new matter, and evidence is offered by a defendant, but objected to because the defense is not properly pleaded, and the Court overrules the objection and admits the evidence, but after the trial has closed changes its mind and disregards the evidence because the defense is not properly pleaded, the defendant is entitled to a new trial.

NEW TRIAL WHERE COURT DOES NOT ADHERE TO ITS RULING.—If the Court makes a ruling during the progress of a trial, the party in whose favor the ruling is, is entitled to have the case decided according to the ruling, provided that if the ruling had been against him, he might have been able to remove the objection made by the other party.

AMENDMENT OF PLEADING.—If evidence is objected to because the defense under which it is offered is defectively pleaded, the Court should allow the pleading to be amended.

APPEAL from the District Court, Fifteenth Judicial District, Contra Costa County.

The demanded premises are in the County of Contra Costa. The complaint averred that on the first day of August, 1860, the plaintiff was and still is seized in fee as owner and enti-

tled to the possession, and that afterwards, on said day, defendants entered and excluded him from possession. The prayer was for judgment for possession of the entire tract of land.

The Court found as a fact that the plaintiff was and had been since the first day of August, 1860, the owner of seven sixteenths undivided and upwards of the demanded premises.

Judgment was rendered against defendant Small for the sum of seven sixteenths undivided of the rancho, and for three hundred and four dollars damages; and against the defendants, Meacham and Meacham, Fine, Southard, and Williams, for possession of the entire rancho; and against the two Meachams, jointly and severally, for three hundred and fifty-eight dollars damages; and against Fine, Southard, and Williams, respectively, for the several sums of five hundred and ninety-one dollars and thirteen cents, three hundred and thirty-eight dollars, and five hundred and forty-one dollars and fifty-seven cents. The possession of the defendants was several.

The defendants, Meacham and Meacham, Fine, Southard, Williams, and Small, appealed. The plaintiff appealed from an order granting defendant Dougherty a new trial.

The other facts are stated in the opinion of the Court.

*Thomas A. Brown*, for the defendants who appealed.

The defendant Small has been rightfully in possession, as against the plaintiff, since the date of the conveyance to him by Swain; he derives his title from and through the plaintiff, and is in possession of a less quantity of land than he has title to. Under the circumstances, it cannot be said that he has, since the date of his deed, " continued to hold the land exclusively and unlawfully as against the plaintiff." If plaintiff had sold to defendant one hundred acres of land, and defendant had gone into possession of ninety acres of the same land, his possession could hardly be said to be unlawful as against his vendor; and in this case, the relation

of the parties is not changed by the sale being made by plaintiff to Swain and from Swain to defendant; and the release of all claim for damages discharged defendant from damages, so far as Swain could do so, from the date of Swain's title acquired from plaintiff. Defendant Small was entitled to avail himself of the facts stated in his answer, and of his deed from Swain, acquired subsequent to the commencement of this action. (*Moore* v. *Tice*, 22 Cal. 563.)

The Court finds "that the said defendants have not nor has either of them any right or title to said premises, nor to the possession thereof." This finding is clearly erroneous. If it were admitted that the sale made by the administrator to the defendants under and by authority of the Probate Court was illegal and void, still it is admitted that the defendants entered into possession of the parcels severally occupied by them at the date of their deeds with the permission and consent of the administrator, José Moraga; this at least made them tenants at will to the administrator, José Moraga—their possession was his, and so continued. If the administrator had the right to the possession of the land belonging to his intestate, he could create a tenancy at will in another as to that land, and while they could show his authority to possess they were rightfully in the possession. The improvements put on the land were placed there by the defendants while they were so in the possession by authority of the administrator, and the improvements either belonged to the defendants or to the estate of Moraga, and plaintiff has no right either to have possession of them or to recover for their use. The administrator's right to the possession cannot be questioned. (Probate Act, Secs. 194, 195; *Meeks* v. *Hahn*, 20 Cal. 621.)

Joaquin Moraga died seized of one half of the land in controversy; the plaintiff's grantors the other half. Moraga's administrator was and still is entitled to the possession of one undivided one half thereof. The administrator let these defendants into possession of the parcels occupied by them. No notice to quit or demand was made on them by plaintiff

before suit was commenced. The plaintiff might as well, without any notice or demand to be let into possession, have brought his suit against the administrator of Moraga for the possession.

On the trial plaintiff offered and read in evidence the answers of the defendants Williams, Southard, Fine, and Meacham and Meacham, which had been previously filed in the same suit, and afterwards withdrawn. The plaintiff offered these answers for the purpose of showing defendant's possession, and also to prove an actual ouster.

An actual ouster of one tenant in common by another cannot be proved except by acts and declarations of defendant, proved to have been made or done before the commencement of the action. In this case it is not proven that the defendants, or either of them, ever stated the facts, or even were acquainted with the facts stated in their first answers until after the commencement of the action. Is there any proof, or even probability, that the defendants would have made the declarations stated in their first answer if plaintiff had not commenced his suit against them? The presumption is, that they were informed of the facts after the plaintiff's action was commenced against them. In their answer they do not deny plaintiff's title to that which he owns, but on the contrary, admit his title. But plaintiff in his complaint utterly ignores the title of defendants.

Defendants state in substance, that their grantor and plaintiff's grantor were tenants in common. That they had been informed that their common grantees, while in possession of the land, did make a parol agreement to divide their common land; which agreement they afterwards, so far as they did act in relation to the property, attempted to carry out. That defendants claimed under Moraga, and if the agreement was made, they were located within the limits of the part set off to their grantor. If what is said in their answers had been proved to have been said by defendants to plaintiff previous to the commencement of plaintiff's suit, such statements would not afford any proof whatever of an actual ouster.

The whole answer, if taken or used as an admission, must be taken together with all its qualifications, and also as a statement made after the commencement of plaintiff's action, and with particular reference to the suit. (Cowen & Hill's Notes to Phillips' Evidence, Note 221, Part II.)

These answers were filed in this action, and it was afterwards stipulated that they should be withdrawn and held as null, and that the defendants should file new answers alleging a tenancy in common. The answers should be, according to the stipulation, held and treated as null for all the purposes of this action.

*Clarke & Carpentier,* for Respondent.

The statements in the first answers interposed by the defendants were properly admitted in evidence for the purposes stated at the time, viz: to show the defendants' possession, and an ouster of the plaintiff by the adverse character of that possession. The answers were sworn to, and their statements should be treated as solemn admissions by the defendants of facts existing previous to the suit, and are entitled to the same weight as evidence of such pre-existing facts as the testimony of the defendants would be entitled to if they had been called as witnesses upon the trial, and as such had sworn to the same facts.

"Admissions are clearly evidence against a party to the record who has made them." (1 Phil. Ev. 372.) "The admissions which may be considered as having the greatest force are those which are delivered on the oath of the party." (1 Phil. Ev. 365.)

"The mere fact that an admission was made under oath does not seem alone to render it conclusive against the party, but it adds vastly to the weight of the testimony—throwing upon him the burden of showing that it was a case of clear and innocent mistake. And even the defendant's belief of a fact sworn to in an answer in chancery is admissible at law as evidence of the fact, though not conclusive." (1 Greenl. Ev., Sec. 210.)

"A record may also be admitted in evidence in favor of a stranger against one of the parties, as containing a solemn admission or judicial declaration by such party in regard to a certain fact; but in that case it is admitted not as a judgment conclusively establishing the fact, but as the deliberate declaration or admission of the party himself that the fact was so." (1 Greenl. Ev., Sec. 527; 1 Moody & Malk. 531 [22 Com. Law, 377]; *Morris* v. *Van Deren,* 1 Dallas, 69; 1 Phil. Ev. 377; *Wells* v. *Compton,* 3 Rob., La., 182; *Kellenburger* v. *Sturtevant,* 7 Cush. 466; *Shafter* v. *Richards,* 14 Cal. 125.)

Attention is particularly invited to the case last cited. The defendant Small could not avail himself of the title acquired by him *pendente lite,* and after the issue of law had been joined, without pleadnig such title *puis darrein continuance,* which involves a confession of the plaintiff's cause of action at the commencement of the suit and up to the time the defense arose. (1 Chitty Pl. 658; *Hardy* v. *Johnson,* 1 Wallace, 374; *Wallace* v. *McConnell,* 13 Pet. 152; *Covell* v. *Weston,* 20 Johns. 417.) The title on which Small relied was not derived from the plaintiff after suit brought. The plaintiff's right of recovery was perfect at the commencement of the action, and was not "terminated" by Small's purchasing a part of the title from a third person.

[The following opinion was delivered at the July Term, 1867, while Mr. Justice SHAFTER was a member of the Court:]

By the Court, SHAFTER, J. :

[A rehearing having been granted, a portion of the original opinion was not finally adopted; and for this reason, such portion is, by direction of the Court, omitted in the report.]

Ejectment to recover possession of several tracts of land, parcel of the "Rancho Laguna de los Palos Colorados." The case was tried by the Court, and the appeal is from the

judgment and from an order denying the defendant's motion for a new trial.

It is found that the rancho was granted in fee by the Mexican Government to Juan Bernal and Joaquin Moraga as tenants in common, and that, prior to the commencement of the action, the plaintiff had succeeded to the title of Bernal. That Moraga died in the year 1855, and that José Moraga was regularly appointed administrator on his estate. That the defendants, D. K. Meacham, George Meacham, Fine, Southard, and Williams, entered into possession of the parcels claimed by them respectively under certain deeds made to them severally by the administrator, as such, and that said defendants have occupied ever since, claiming under said deeds. And it was agreed at the trial that they went into possession with the permission of said administrator, at the dates of said deeds. That the said defendants, on the first day of August, 1860, actually ousted and excluded the plaintiff from the premises described in their respective answers, and that they have kept him out ever since, taking the whole profits to themselves.

A reversal of the judgment is claimed on several grounds, which we shall state as we have occasion to discuss them.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Second—The Court has found that "the said defendants (D. D. Meacham, George Meacham, Fine, Southard, and Williams, have not, nor has either of them, any right or title to said premises nor to the possession thereof."

We do not consider it necessary to pass upon the question of the validity of the administrator's deeds through which the defendants claim to have succeeded to the moiety owned originally by Moraga. The validity of those deeds, and if invalid, then whether the grantees therein, having paid the purchase money and made improvements, would be entitled to any, and what, equitable relief, are questions that chiefly concern them and the estate of Moraga. It is enough for the purposes of this hearing that the finding that defendants

45

have neither title nor right of possession is opposed to a stipulation of the parties by which that question was withdrawn from the issues to be tried. It was agreed at the trial that "the defendants went into possession with the permission of the administrator, at the dates of the said deeds." In this conflict the finding must give way to the stipulation. * * * * * Now, if there are any circumstances under which an administrator may authorize third persons to enter upon and possess lands belonging to the estate which he represents—and that there are such cases is not disputed—it must be assumed that the permission named in the stipulation was one which the administrator of Moraga had power to give. From this it follows that the possession of the defendants was not tortious. The wrong consisted, not in the defendants' possession, but in the fact that they held the land adversely to the plaintiff. The result is that the plaintiff was not entitled to the general judgment rendered in his favor for the premises demanded, but to a judgment that he should be let into possession to the extent of his right.

It is urged by the respondent that the entry of the defendants and the "permission" of the administrator are referred by the stipulation to the defective deeds. This we conceive to be a mistake. Though the entry is referred to the permission of the administrator, the permission itself is not referred to the deeds. All that the stipulation states is that the entries of the defendants were at the dates of the deeds; but the time when the permission to enter was given, the manner of giving it, the circumstances under which and the object for which it was given, are none of them disclosed. But it would not, in our judgment, vary the matter if the defendants entered in fact under the permission involved or to be implied from the giving of the deeds. Though the deeds may have conveyed no property rights to the respective grantees, they were nevertheless good as licenses to enter, and the possession of the defendants following upon the entry could not be treated as tortious by the administrator,

and much less by the plaintiff, until the licenses should have been revoked.

Third—The Court below considered that the defendants were not entitled to offset the value of their improvements against the claims of the plaintiff for damages, and that the plaintiff was entitled to the annual value of the lands recovered, as enhanced by the improvements; and these determinations of the Court are assigned for error.

It is impossible for us to get at the questions of law discussed by counsel, for want of facts. The right to offset improvements in actions of ejectment depends in part upon whether they were made in good faith (Prac. Act, Sec. 257) and before the title of the plaintiff accrued, (*Bay* v. *Pope*, 18 Cal. 694,) and upon whether the improvements are permanent or not. In the first place the setoff in this case is defectively stated in the answer, and would be held bad on general demurrer. It is not averred that the improvements were permanent, nor that they were made before the plaintiff's title accrued, nor that they were made in good faith. The right is by statute, and as matter of pleading all the facts upon which the right is by the statute made to hinge, should have been alleged. The Court was not at fault, then, in holding "That under the pleadings, none of the defendants were entitled to have the value of their improvements allowed as a setoff against the damages for withholding the property." But aside from these obvious defects in the answers, the Court, though it has found the value of the improvements and that the defendants held "adversely," (Prac. Act, Sec. 257,) has failed to find that the improvements were permanent, and that they were made in good faith; and as the findings were not excepted to as defective under the Act of 1861, (Laws of 1861, p. 589,) we must assume that the findings on both points were adverse to the defendants. But as to the other statute condition upon which the validity of the setoff depended, viz: that the improvements were made before the title of plaintiff accrued—it is stated expressly in the findings that there was no evidence concerning it, a fact

which is well borne out by the statement on motion for new trial.

As the defendants neither stated nor proved a right to set off their improvements, it cannot be held that they were entitled to set off the annual value of the improvements against the damages, or to claim that the damages should not be commensurate with the property rights, from the enjoyment of which the plaintiff was unlawfully excluded. There is certainly no case in equity where claims to compensation and recoupment in cases like or analogous to the present have been most favorably considered, in which it has been held that the land owners' right to full damages could be affected on the ground of improvements made by the disseisor, or of their annual value, unless it appeared that the improvements were made in good faith.

Fourth—The defendant Small was at the commencement of the action in possession of one hundred acres of the ranch, without claim or color of right. *Pendente lite* he bought a fractional interest in the whole ranch of one Swain, to whom the plaintiff had conveyed it before the suit was brought, and pleaded the purchase in bar.

The effect of Small's purchase was to divest his possession of its hostile character *prima facie*. (*Carpentier* v. *Mendenhall*, 28 Cal. 484.) But the Court has found that he "continued unlawfully to hold the same (the one hundred acres) until the 14th day of January, 1863, and has ever since continued to hold the same exclusively and unlawfully as against the said plaintiff." This finding is, however, objected to as unsupported by the evidence, and we consider the objection as well taken. On an examination of the record, we find no testimony tending to rebut the presumption that Small's possession was in strict keeping with his right from the time he became a tenant in common with the plaintiff by virtue of the deed from Swain. Counsel, we think, misconstrue Small's answer when they argue that it admits or shows that the original ouster was continued by him after his purchase. The answer denies that the defendant "has occupied or pos-

sessed the said premises at any time except as hereinafter stated;" and it then proceeds to explain and justify the defendant's possession on the ground of his newly acquired title, but it is nowhere admitted, either expressly or by implication, that the defendant held adversely to the plaintiff after the purchase from Swain. The release pleaded in bar of damages was not executed by the plaintiff, but by Swain, who neither had nor pretended to have any power to bind the plaintiff.

Fifth—The annual value of the premises was found both in gold and currency, and the judgment was general for an amount equal to the currency valuation. There can be no doubt as to the correctness of the judgment in that particular. (*Carpentier* v. *Atherton,* 25 Cal. 564; *Spencer* v. *Prindle,* 28 Cal. 276; *Reese* v. *Stearns,* 29 Cal. 273.)

Sixth—Judgment was rendered against the defendant Dougherty by default, and the judgment was subsequently set aside and a new trial granted, on the ground that the defendant had not been served in the action.

The Court found on the affidavits before it that there had been neither service nor appearance, and granted the defendant a new trial. The finding was, in effect, that the action had never been commenced as to Dougherty—that is, that the Court had never acquired jurisdiction over him—that is, that the judgment was *coram non judice* and void. The defendant had no occasion to limit his motion to the relief of new trial, for on the facts he was entitled to go without day. But if he is content to take up with the inferior relief awarded to him and to appear in the action without service, we do not see how the plaintiff, who has appealed from the order, can claim that it should be reversed.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

The judgment against the defendant Small is reversed, and a new trial ordered as to him. The order granting a new trial to the defendant Dougherty is affirmed.

Mr. Justice SAWYER delivered the following opinion, concurring specially, at the same term, and before he became Chief Justice:

In the statement prepared as the basis of the motion for a new trial, the history of the proceedings at the trial, so far as is necessary to an understanding of the points made by the moving party, is given. In some instances it states that certain evidence was introduced setting it out; in others, that certain facts were proved, without setting forth the evidence by which the facts were established; in others, that certain facts were stipulated, and at one point in the course of the trial it is stated that it was " agreed that the defendants Meacham, etc.,    *    *    *    entered into possession *    *    * under certain deeds to them severally from José Moraga, as administrator, etc.,    *    *    *    and that they went into possession with the permission of the said administrator, at the dates of said deeds." The estate of Moraga was owner as tenant in common of one half the land. The twenty-fifth finding of the Court is: " That the said defendants have not, nor has either of them any right or title to said premises, nor to the possession thereof."

One of the grounds of the motion for new trial, is that the twenty-fifth finding is not supported by the evidence. In the statement it is stated to have been agreed in the course of the trial, that certain of the defendants were in possession by permission of the administrator. The agreed fact was simply a part of the evidence presented to the Court in the place of other proof. It was not a fact admitted by the pleadings, nor a fact that did, or could, in the form in which it was presented in the case in any way become a part of the judgment roll, except through a verdict of a jury or finding of the Court. This Court could obtain no knowledge of such admission, except through its introduction into the statement as a part of the evidence in the very mode in which it is brought into this record. Should a new trial be had, there is nothing in the record that would obviate the

necessity of proving the facts agreed to on the last trial, unless they should be again admitted. The agreement as to the truth of the facts was, of course, conclusive on that point for the purposes of the trial. The result simply is, that the finding against it is contrary to the evidence, or facts stipulated as a substitute for evidence, and the verdict should be set aside and a new trial granted on that ground. But to modify the judgment so as to accord with the facts as agreed upon, as a substitute for the evidence, in the progress of the trial, would be substantially to disregard the finding of the District Court and substitute a new finding of our own in its place. This, in my judgment, we are not authorized to do, and we have heretofore uniformly declined to assume these functions. (*Allen* v. *Fennon*, 27 Cal. 68; *Carpentier* v. *Gardiner*, 29 Cal. 161; *Fair* v. *Stevenot*, 29 Cal. 491.) The proceeding would not, in my view, be orderly, nor in accordance with the system established by the Practice Act. Under the provisions of the Practice Act the judgment should rest on the verdict or findings, unless there is a written agreed statement of the facts filed designed to take the place of a verdict or finding, and as such become a part of the judgment roll. But if the judgment is modified, the judgment will rest on the statement on motion for new trial, which also seems to have been adopted as a statement on appeal; but whether on appeal from the order denying a new trial, or from judgment, does not appear. But this statement does not form a part of the judgment roll. Should the judgment be modified in the records of the District Court, it will then not be in harmony with the finding upon which it rests, for we are not authorized to modify that. We can set it aside when contrary to the evidence, and direct the issue to be tried again. We can affirm, reverse, or modify the order denying a new trial, but cannot assume the functions of the District Court and jury, and try the issues which lie behind the findings. (Pr. Act, Sec. 345.) It can make no difference whether they were before tried wholly upon evidence introduced in the ordinary way, or partly upon such evidence and

partly upon admissions made as a substitute for other testimony. Should the judgment be modified, and the judgment roll in the District Court ever after be required for purpose of evidence in another Court, it would present a record with a judgment not in harmony with the findings upon which it rests.

In my opinion, the Practice Act does and should require that a new trial be granted. In no other mode can there be a consistent record, unless this object may be accomplished under an amendment made to section one hundred eighty at the last session of the Legislature, which authorizes a statement of facts to be agreed upon to take the place of a finding or special verdict. (Stats 1865–6, p. 844.) In such case the statement would doubtless become a part of the judgment roll. But this amendment has no application to the present case. I think a new trial should be had.

I am not prepared to say, without further investigation, that an answer, even though verified, under our system is admissible in evidence as admissions of the facts stated by the party pleading. An answer in chancery, it is true, was received for that purpose under the old system, but bills do not appear to have been received, and the averments in pleading at law do not appear to have been received. An answer in chancery performed a very different office from that of a pleading under our practice. It was not a pleading merely, but was evidence. The defendant in an equity suit was compelled to answer minutely every interrogatory propounded in the bill, and to disclose with particularity every probative fact and circumstance within his knowledge as fully as if on the witness stand. Under our practice, however, the whole object of the pleading is to develop the issues to be tried, and not at the same time try them. It is supposed that the issues are or may be somewhat narrowed by verifying the pleadings, but the object is still to develop the issues. And the answer is usually shaped by the attorney with this view, rather than by the party; and as ultimate facts only are allowed to be set forth, if the answer is to be used against

the party himself as evidences of admissions in another suit, or upon an issue raised by another and separate answer in the same suit, as in this case, the partial statement in the language of the attorney may result greatly to his disadvantage. I think the order denying a new trial should be reversed on another ground, and shall, therefore, reserve my opinion on this point till the question has been fully argued and more maturely considered. The decision in *Boileau* v. *Rutlen*, 2 Ex. R. 554, bears upon this question. (See, also, last edition Phil. Ev., Vol. I, pp. 410, 413, 417, 420.)

The following opinion was delivered by Mr. Chief Justice SAWYER after Mr. Justice SPRAGUE and Mr. Justice CROCKETT became members of the Court:

A rehearing was granted to the defendants Fine, Southard, G. W. and David Meacham, and Williams, on their petition. There was a different judgment as to the other parties, and, as none of them, on either side, have asked for a rehearing, it will only be necessary now to consider the case, so far as it is applicable to the parties above named.

It appears from the statement that in the progress of the trial " it was agreed that the defendants, Meacham and Meacham, * * * Fine, Williams, and Southard, entered into possession of the parcels respectively claimed by them, and described in their several answers, under certain deeds to them severally from José Moraga, as administrator of the estate of Joaquin Moraga, deceased ; and that said defendants have since occupied, claiming under said deeds, and that they went into possession with the permission of the said administrator at the dates of said deeds."

There is nothing opposed to this admission in the record, and the facts were manifestly admitted for the purposes of the trial as a substitute for evidence on the point. Unless the title was in said defendants, the estate of Moraga, as it appears from other portions of the record, was owner as

46

tenant in common of one half of the land.   The twenty-fifth
finding of the Court is : " That the said defendants have not,
nor has either of them, any right or title to said premises,
nor to the possession thereof."   This finding, with respect
to these defendants as against the plaintiff, and to the extent
of an undivided half, is directly in conflict with the facts, as
above admitted.   The plaintiff does not claim more than an
undivided half.   If the said defendants entered and held
possession of the premises with the consent of the admin-
istrator of Moraga, this was sufficient to entitle them to
possession to the extent of an undivided half, as against
strangers, or any party not claiming under the administrator,
or under Moraga, even if the administrator's deed be con-
ceded to be void.   An entry and holding by the consent of
the administrator of Moraga cannot, certainly, be regarded
as tortious with respect to the interest belonging to the
Moraga estate.   On this point the finding is unsupported by
the evidence.

These defendants undertook, in their answers, to set
up a claim, under section two hundred fifty-seven of the
Practice Act, to have the value of permanent improvements,
made upon the land in good faith, while holding adversely
under color of title, set off against the damages.   On the
trial they offered evidence in support of this branch of the
answers ; to which the plaintiff objected, on the ground of
" incompetency and immateriality, because no sufficient
foundation for such evidence was laid in the pleadings."
The objection was overruled and the evidence admitted.
But in the findings of the Court the third conclusion of law
is : " That under the pleadings none of the defendants are
entitled to have the value of these improvements allowed as
a setoff against the damages for withholding the property."
After the testimony was admitted, then, the Court, when
the findings came to be drawn, and after further reflection,
must have come to a different conclusion from that enter-
tained when the evidence was admitted.   This change of
opinion may have worked great injustice to the defendants.

They made an attempt to set up a valid claim for improvements in their answers. The plaintiff did not demur for insufficiency, but did raise the question on that ground by objection to the introduction of evidence under it. The Court then deemed the answer sufficient and admitted evidence. The ruling was with the defendants on that point. There was, therefore, in view of the ruling of the Court, no occasion to amend, and no leave to amend was asked. Had the ruling been the other way, the defendants might have obviated the objection by amendment. But, relying on the ruling, the subsequent change in the view of the Court has deprived them of an opportunity to correct the defect in their pleadings, and they may lose the value of their improvements in consequence of the action of the Court, when it was too late to remedy it. We think the defendants were entitled to rely upon the ruling, and since a different view finally prevailed, that they should have an opportunity to obviate the defect in the pleadings. Otherwise great injustice may result.

There are other questions of some difficulty presented by the record, but they may not arise on another trial, and we forbear to discuss them now.

The question as to the validity of the proceedings of the Probate Court in the matter of the Moraga estate, as the case is now presented, is not, necessarily, involved.

It may, however, be well to remark that the several documents constituting portions of the proceedings of the Probate Court in that matter, resulting in the sale under which defendants claim title, were separately introduced in evidence by the defendants under ·objection and exception on the part of plaintiff on sundry grounds affecting the jurisdiction. Again, at the close of the evidence the plaintiff moved to strike the several documents out upon the same grounds severally urged as objections to their introduction, and the motion was denied. But in the conclusions of law appended to the findings, the Court held the proceedings void for want of jurisdiction. Thus, it seems, that the opinion of the Court

underwent a change in that particular, also. It does not appear, however, at what particular point of the proceeding the jurisdictional defect, in the opinion of the Court, was made manifest. A decision upon the validity of the proceedings would, or might require a consideration of the objections to each of the numerous documents. Besides, had the Court at the time ruled out the document in which the jurisdictional defect appeared, it is possible that it might have been obviated by some other portion of the record of the proceeding of the Probate Court. The admission of the several documents against the objection, on jurisdictional grounds, and afterwards holding that there was no jurisdiction, may have operated injuriously to defendants by depriving them of an opportunity of obviating the defect in the evidence by introducing some other portions of the record. Or it might have prevented them from showing title in some other mode, or through some other channel. At all events, had the rulings at the trial been in accordance with the final opinion of the Court, the aspect of the case might have been changed; and other questions might have been presented and argued affecting the validity of the proceedings of the Probate Court. As it it not necessary to the present decision, we prefer not to pass upon the validity of the title under the Probate sale in the form in which it is now presented.

The former judgment of this case, so far as it relates to the defendants G. W. Meacham, David Meacham, Fine, Southard, and Williams, to whom a rehearing was granted, is vacated, and the judgment of the District Court and order denying a new trial as to the said defendants are reversed and a new trial granted, with leave to amend their answers.

Mr. Justice CROCKETT, having been of counsel, took no part in the decision.